**Electronically Filed
Intermediate Court of Appeals
30339
09-MAY-2011
12:10 PM**

NO. 30339

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALFREDO MARQUEZ GAPASIN and ADDWAY, INC.,
Plaintiffs-Appellants,
v.
PERFECTO P. PASCUAL, RUSSELL AGUSTIN, DEGUIA V.
AGUSTIN, ERNEST Y. YAMANE, and LIN T. LAU,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS
1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1933)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Plaintiffs-Appellants Alfredo Marquez Gapasin (Gapasin) and Addway, Inc. (Addway) appeal from the Judgment filed on January 15, 2010 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendants-Appellees Perfecto P. Pascual (Pascual), Russell Agustin, Deguia V. Agustin, Ernest Y. Yamane, and Lin T. Lau

---

[1] The Honorable Rhonda A. Nishimura presided.

(collectively, Defendants) and against Gapasin and Addway (collectively, Plaintiffs) and dismissed with prejudice all claims asserted in Plaintiffs' Complaint for Malicious Prosecution and Wrongful Execution (the Complaint).

On appeal, Plaintiffs contend the circuit court committed reversible error

(1) when the court dismissed the Complaint on the ground that Plaintiffs failed to request attorneys' fees and costs in the original action, Pascual, et al. v. Gapasin, et al., Civil No. 97-2600, (Original Action) because Addway was not a party to the Original Action and could not have recovered attorneys' fees in that action;

(2) by dismissing Plaintiffs' claim for Wrongful Execution, which claim did not require Plaintiffs to have requested fees and costs in the Original Action; and

(3) in converting Defendants' Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6) Motion to Dismiss Complaint for Malicious Prosecution and Wrongful Execution (Motion to Dismiss) into an HRCP Rule 56(b) motion for summary judgment because Plaintiffs were never afforded any notice or opportunity to present factual evidence in opposition to summary judgment.

Plaintiffs ask this court to vacate the circuit court's "Order Granting (1) Defendants' Motion to Dismiss Complaint for Malicious Prosecution and Wrongful Execution Filed on September 22, 2008, Filed on November 3, 2009, and (2) Joinder in Defendant's Motion to Dismiss Complaint for Malicious Prosecution and Wrongful Execution Filed on September 22, 2008 by Plaintiffs, Which Motion was Filed by Defendants' Attorney on November 3, 2009 Filed on November 12, 2009" (Order) and to remand the case for further proceedings on the Complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Plaintiffs' points of error as follows:

(1)   Plaintiffs' first point of error is without merit because the record on appeal clearly indicates that the circuit court did not grant the Motion to Dismiss based on the fact that Plaintiffs failed to request attorneys' fees in the Original Action.   The circuit court granted the Motion to Dismiss because (1) Gapasin was not the prevailing party in the Original Action and therefore could not sustain his claim for Malicious Prosecution and (2) Plaintiffs' Wrongful Execution claim was a collateral attack on what had occurred in the Original Action.

(2)   As discussed above, the circuit court dismissed Plaintiffs' claim for Wrongful Execution because the claim was a collateral attack on the Original Action.   Therefore, Plaintiffs' second point of error is without merit.

(3)   On appeal, Plaintiffs argue that (a) aside from the Order, there is no other indication in the record that it was the circuit court's intention to convert Defendants' HRCP Rule 12(b)(6) Motion to Dismiss into an HRCP Rule 56(b) motion for summary judgment and (b) there is no indication in the record that the circuit court considered any facts or assertions outside the pleadings in this case, meaning that the Motion to Dismiss could not be considered as a motion for summary judgment.

The circuit court explicitly informed the parties that it had considered facts outside the pleadings and would therefore convert Defendants' HRCP Rule 12(b)(6) Motion to Dismiss into an HRCP Rule 56(b) motion for summary judgment.   On November 3, 2009, Defendants filed the Motion to Dismiss, to which Defendants attached as exhibits the following documents from the Original Action:   the docket, the Second Writ of Execution, the Return [of Service] on Serving Officer's Second Writ of Execution, and the

3

order granting Plaintiffs' motion to quash the Second Writ of Execution.  The circuit court heard the Motion to Dismiss on December 12, 2009, affording Plaintiffs sufficient time to "object to the matters outside" of the pleadings that were presented by Defendants in their motion or to "seek a continuance pursuant to HRCP Rule 56(f) to obtain materials to oppose" the motion.  Jou v. Nat'l Interstate Ins. Co. of Hawaii, 114 Hawai'i 122, 131, 157 P.3d 561, 570 (App. 2007).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on January 15, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 9, 2011.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Benjamin R. Brower
(Dubin Law Offices)
for Plaintiffs-Appellants.

Junsuke Otsuka
David Squeri
(Otsuka & Associates)
for Plaintiffs-Appellees
Perfecto P. Pascual, Russell
Agustin, Deguia V. Agustin,
and Lin T. Lau.

Chief Judge

Associate Judge

Associate Judge

4